Dawson v New York City Hous. Auth. (2025 NY Slip Op 00188)

Dawson v New York City Hous. Auth.

2025 NY Slip Op 00188

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 70153/20 Appeal No. 3496 Case No. 2023-05378 

[*1]Lamar Dawson, Plaintiff-Respondent,
v
New York City Housing Authority, et al., Defendants, East Side House, Inc. Doing Business as East Side House etc., Defendant-Appellant.

Reavis Page Jump LLP, New York (Mark H. Moore of counsel), for appellant.
Levy Konigsberg, LLP, New York (Matthew J. Shock of counsel), for respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about October 5, 2023, which denied defendant East Side House Inc.'s motion to dismiss the amended complaint, unanimously affirmed, without costs.
East Side House's motion was properly denied at this early stage in the litigation as the amended complaint provided East Side House with sufficient information to apprise it of the alleged wrongs (see DDJ Mgt., LLC v Rhone Group, L.L.C., 78 AD3d 442, 443 [1st Dept 2010]). The amended complaint sufficiently pleaded a negligence claim against East Side House and stated the approximate time the alleged abuse occurred, the place of the abuse, the position of the alleged abuser, the specific misconduct alleged, and provided notice to East Side House.
The amended complaint also stated a claim for negligent hiring, supervision, and retention of the unidentified counselor (Jane Doe) who allegedly abused plaintiff (see Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161-162 [2d Dept 1997], lv dismissed 91 NY2d 848 [1997], cert denied 522 US 967 [1997]). The amended complaint alleged that East Side House should have known that Jane Doe presented an unreasonable risk of harm to children and had actual and constructive knowledge of the threat she posed and of the need to further investigate her predatory behavior.
East Side House argues that plaintiff's claim of negligent failure to investigate and prosecute should be dismissed as a matter of law because New York law does not recognize that cause of action. However, the amended complaint does not assert the failure to investigate and prosecute as a separate cause of action.
We have considered East Side House's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025